FILED
CLERK

2015 DEC -4 AM 11:31

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ELVIRA ILARIA HAMILTON,

                Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.
------------------------------------------------------------X

**DECISION AND ORDER**
15-CV-1529 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

*Pro se* Plaintiff Elvira Ilaria Hamilton ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) alleging the Commissioner of Social Security (the "Commissioner") improperly denied Plaintiff's request for Social Security disability benefits. Dkt. 1 ("Complaint"). The Commissioner filed a motion for judgment on the pleadings requesting the Commissioner's decision be affirmed and Plaintiff's complaint be dismissed. Dkt. 12. Plaintiff filed an opposition requesting she be approved for disability. Dkt. 14 ("Pl's Br."). For the reasons that follow, the Commissioner's motion is GRANTED in its entirety.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff was born on March 16, 1967. *See* Dkt. 15 (Administrative Record) ("R.") at 194. She completed some of high school and had additional vocational training relating to caring for the elderly and working with children. *Id.* at 47-48, 199, 310. Plaintiff has had a variety of jobs including caretaker, home attendant, and working at her husband's tire store where she would receive deliveries and issue receipts. *Id.* at 57, 199, 205.

Plaintiff filed an application for Social Security disability benefits under Title II of the Social Security Act (the "Act") on April 12, 2011. *Id.* at 194. Plaintiff listed the following as disabilities that limited her ability to work: pinched nerve, neck pain, vision problems, back pain, anxiety, sleep problems, allergies, and constipation. *Id.* at 198. Plaintiff's application for benefits was denied. *Id.* at 83-86. Plaintiff thereafter requested a hearing before an

—1—

Administrative Law Judge. *Id.* at 87-90. On November 6, 2012, Plaintiff appeared before Administrative Law Judge Margaret A. Donaghy (the "ALJ"). *Id.* at 65. The ALJ postponed the hearing by three months to allow time for the ALJ to further develop the medical record. *Id.* at 73-74. On February 13, 2013, Plaintiff, represented by counsel, appeared before the ALJ to complete the hearing. *Id.* at 40-64. On May 17, 2013, the ALJ issued a decision finding Plaintiff was not disabled. *Id.* at 16-18. The Appeals Counsel denied Plaintiff's request for review on January 15, 2015. *Id.* at 1-3. This denial became the Commissioner's final act.

## DISCUSSION

### I. Standard of Review

When a claimant challenges the Social Security Administration's ("SSA") denial of disability benefits, the Court's function is not to evaluate *de novo* whether the claimant is disabled, but rather to determine only "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004), *amended on reh'g*, 416 F.3d 101 (2d Cir. 2005); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]"); *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). Substantial evidence is "more than a mere scintilla"; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. of N.Y., Inc. v. NLRB*, 305 U.S. 197, 229 (1938)); *Moran*, 569 F.3d at 112. The substantial evidence test applies not only to the Commissioner's factual findings, but also to inferences and conclusions of law to be drawn from those facts. *See Carballo ex rel. Cortes v. Apfel*, 34 F. Supp. 2d 208, 214 (S.D.N.Y. 1999) (Sweet, J.). In determining whether the record contains substantial evidence to support a denial of benefits, the

reviewing court must examine the entire record, weighing the evidence on both sides to ensure that the claim "has been fairly evaluated." *See Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983)).

It is the function of the SSA, not the federal district court, "to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983) (citing *Richardson*, 402 U.S. at 399); *see also Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998). Although the ALJ need not resolve every conflict in the record, "the crucial factors in any determination must be set forth with sufficient specificity to enable [the reviewing court] to decide whether the determination is supported by substantial evidence." *Calzada v. Asture*, 753 F. Supp. 2d 250, 268-269 (S.D.N.Y. 2010) (Sullivan, J.) (internal quotation marks omitted) (citing *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984)).

To fulfill this burden, the ALJ must "adequately explain his reasoning in making the findings on which his ultimate decision rests" and must "address all pertinent evidence." *Kane v. Astrue*, 942 F. Supp. 2d 301, 305 (E.D.N.Y. 2013) (Kuntz, J.) (quoting *Calzada*, 753 F. Supp. 2d at 269). "[A]n ALJ's failure to acknowledge relevant evidence or to explain its implicit rejection is plain error." *Id.* (internal quotation marks and citations omitted). Remand is warranted when "there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999).

## II. Determination of Disability

### A. Applicable Law

For the purpose of determining eligibility for disability benefits, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). The impairments in question must be of "such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423(d)(2)(A).

To determine whether a claimant is disabled, the Commissioner must apply the five-step sequential process set forth in 20 C.F.R. § 404.1520. *See e.g.*, *Rosa*, 168 F.3d at 77. The claimant bears the burden of proving the first four steps, while the burden shifts to the Commissioner at the fifth step. *Id.* First, the Commissioner must determine whether claimant is engaging in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not so engaged, the second step is to determine whether the claimant has a "severe medically determinable physical or mental impairment." 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant has such an impairment, the third step is to determine whether the impairment or combination of impairments meets or equals one of the listings in Appendix 1 of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment does not match any of the listings, the fourth step is to determine whether the claimant's residual functional capacity ("RFC") allows the claimant to perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant cannot perform past relevant work, the final step is to determine whether the claimant can perform another job based on his or her RFC, work experience, age, and education. 20 C.F.R. § 404.1520(a)(4)(v).

## B. The ALJ's Decision

The ALJ followed the five-step procedure to evaluate Plaintiff's claim and found that: (1) Plaintiff had not engaged in substantial gainful activity since December 15, 2010, the alleged onset date; (2) Plaintiff had the following severe impairment: disorder of the cervical spine; (3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) Plaintiff had the RFC to perform the full range of sedentary work[1] that does not require "climbing, balancing, stooping, kneeling, crouching or crawling on more than an occasional basis"; and (5) considering Plaintiff's age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that Plaintiff could perform. R. at 24-33. As a result, the ALJ found Plaintiff was not disabled. *Id.* at 33.

## III. Analysis - Substantial Evidence Supports the ALJ's Disability Determination

Plaintiff makes one argument in alleging the ALJ erred in her determination: the medical records reveal that Plaintiff cannot work due to her physical limitations. Pl's Br. at 2.[2] According to Plaintiff, her pinched nerves and herniated disc make it hard for her to do any work. *Id.* She claims she cannot carry any sort of weight and cannot stand longer than an hour.

---

[1] "Sedentary work involves lifting no more than [ten] pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

[2] In support of Plaintiff's opposition, Plaintiff attaches new evidence, including a prescription and medical reports, covering a time period after the ALJ's decision and the Appeal Council's denial. *See* Pl's Br. At 5-17. Accordingly, this evidence could not have been considered by the ALJ or the Appeals Council. If Plaintiff wants the ALJ or Appeals Council to consider this evidence, she must apply for SSI benefits again.

*Id.* Plaintiff therefore argues she should have been approved for disability, and the ALJ's decision is wrong because it is not supported by substantial evidence. *Id.*

To determine whether the ALJ's decision was erroneous, the Court must review whether substantial evidence exists in the record to support the ALJ's conclusion that Plaintiff is not disabled for purposes of Social Security disability benefits. *See, e.g., Butts*, 388 F.3d at 384. For the reasons set forth below, the Court finds the ALJ properly concluded Plaintiff is not disabled.

A consultative examination performed by Louis Tranese, D.O., on June 27, 2011 revealed Plaintiff could "walk on heels and toes without difficulty[,]" fully squat, and needed no help changing for the exam or getting on and off the exam table. R. at 305-306. Overall, Dr. Tranese concluded that Plaintiff "may have mild to moderate restriction to heavy lifting and mild restriction to frequent bending and performing repetitive overhead activities using her arms. [Plaintiff] has no other physical functional deficits[.]" *Id.* at 307. Dr. Tranese examined Plaintiff again on November 5, 2012 and came to a very similar conclusion: "[Plaintiff] may have mild to moderate restriction in heaving lifting and mild restriction in frequent bending. She has minimal restriction in performing repetitive or sustained overhead activities using her arms. The [Plaintiff] has no other physical functional deficits[.]" *Id.* at 447.

On October 26, 2012, one of Plaintiff's treating physicians, Dr. Darshani Butala, M.D., concluded Plaintiff could lift up to ten to twelve pounds, could stand or walk for up to six hours a day, had no limitation in pushing and/or pulling, and had no limitations with respect to posture, vision, and communications. *Id.* at 437-438. Although Plaintiff's other treating physician, Dr. Siddarth T. Pandya, M.D., diagnosed Plaintiff with carpal tunnel syndrome as early as June 17,

2008, he took no position on Plaintiff's ability to work on a daily basis but merely prescribed Plaintiff medication to deal with her pain and the feeling of "pins and needles." *Id.* at 598-621.[3]

Dr. Johanina McCormick, Ph.D, another consultative examiner, examined Plaintiff on November 5, 2014 and concluded that, while Plaintiff does have certain psychiatric problems, they do "not appear to be significant enough to interfere with [her] ability to function on a daily basis." *Id.* at 440-444.

In fact, not a single physician or consultative examiner opined that Plaintiff is unable to work. *See generally* R. At most, Plaintiff's medical records reveal that she may have some limitations, which the ALJ took into consideration when determining that Plaintiff had the RFC to perform only sedentary work. *Id.* at 29-30. Based on the foregoing, the medical record does not support the limitations described by Plaintiff in her brief. *See generally* Pl's Br. Accordingly, the Court concludes there is substantial evidence to support the Commissioner's decision. *See Butts*, 388 F.3d at 384. The Commissioner's decision is affirmed, and the Commissioner's motion for judgment on the pleadings is GRANTED.

## CONCLUSION

For the reasons stated herein, the Commissioner's motion for judgment on the pleadings, Dkt. 12, is GRANTED. This matter is hereby dismissed. The Clerk of Court is respectfully instructed to close this case.

---

[3] It should be noted that many of Dr. Pandya's medical records pre-date December 15, 2010, the alleged onset date of Plaintiff's disability. *See, e.g.*, R. at 605-606, 611-621.

SO ORDERED.

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: December 7, 2015
Brooklyn, New York